RICHARD C. KELLY, District Attorney, Juneau County
You refer to sec. 867.045, Stats., created by ch. 41, Laws of 1973, which provides for administrative joint tenancy termination for homes, savings accounts, checking accounts and U.S. savings bonds. That chapter also creates sec. 59.57 (10m), Stats., which provides for a $10 fee for the register of deeds "for recording certificates and preparing and mailing documents under s.867.045."
You inquire whether the register of deeds is authorized to collect and forward to the county court any of the fees set forth in sec. 253.34 (1) (a), Stats., which relates to fees in probate and also provides:
"* * * The fees fixed in this paragraph shall also be paid in survivorship proceedings * * *."
I am of the opinion that he has no authority to collect such fees which are applicable to proceedings in the county court. Section 867.045 (3) does provide that the register of deeds shall mail copies of the application to the Wisconsin department of revenue, public administrator and county court for the county of residence of the decedent; however, these are for informational reasons. Section 867.045 (4) provides that upon recording of the original application as certified:
"The application shall constitute prima facie evidence of the facts recited and shall constitute the termination of such joint tenancy, all with the same force and effect as if issued by the probate branch of the county court * * * [but] shall not constitute evidence of payment of any inheritance tax which may be due * * *."
The proceedings with which the register of deeds is concerned under sec. 867.045, Stats., are not proceedings in county court. *Page 193 
It may be necessary for the survivors to go into county court for determination of inheritance tax purposes in connection with this or other property, and it would be for the register of probate to collect the appropriate fees under sec. 253.34 (1) (a), Stats., at that time.
You note that sec. 867.045 (2) (b), Stats., provides that the register of deeds shall complete "a statement at the foot of the application, declaring that the surviving joint tenant appearedbefore him, and verified, under oath * * *." (Emphasis added.)
You inquire whether the register of deeds can administer such an oath.
I am of the opinion that he can. Statutes such as 887.01, 990.01 (24) (41), do not specifically include the register of deeds as an officer qualified to administer oaths. Such officer is, however, authorized under sec. 706.07 (2) (c), Stats., to take acknowledgments. Section 59.51 (15), Stats., does require that the register of deeds shall "Perform all other duties required of him by law." The clear implication of sec. 867.045
(2) (b), Stats., is that the register of deeds is to have the applicant appear before him and to have such applicant verify the application under oath, taken by such register of deeds.
You also inquire whether under certain circumstances an applicant could be held criminally or civilly liable under secs.706.13 or 946.32, Stats., or whether a register of deeds could be civilly liable under sec. 706.13, Stats.
Under the limited facts stated, I have no opinion. I suggest that you further evaluate the possible circumstances and research the matter in compliance with the rules which apply to the submission of questions to this office, a copy of which is enclosed.
RWW:RJV